UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22139-ALTMAN/Sanchez

**WILLIAM GALE EMERICK**,

    *Plaintiff*,

v.

**BRIAN SCHMITT**, *et al.*,

    *Defendants.*
_____/

## ORDER

"Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). Having conducted a *sua sponte* review of the Complaint [ECF No. 1], we conclude that William Gale Emerick, our Plaintiff, has failed to show that we can exercise subject-matter jurisdiction over his case. We therefore **DISMISS** *without prejudice* the Plaintiff's Complaint. He'll have **30 days** to file an amended complaint.

### THE LAW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The "party bringing the claim," therefore, must first "establish[ ] federal subject matter jurisdiction" before a federal court can review a claim on its merits, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam))— "[r]egardless of whether [the] plaintiff is represented by a veteran attorney or, as in this civil case, proceeds *pro se*," *Taylor v. Appleton*, 30 F.3d 1365, 1365 (11th Cir. 1994) Although "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys

and will, therefore, be liberally construed," *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), that "leniency does not give a court license to serve as de facto counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action," *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). And, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (cleaned up)).

## ANALYSIS

Emerick alleges that "[t]he court has [subject-matter] [j]urisdiction under 28 U.S.C. [§] 1332 . . . because complete diversity of citizenship exists and the value of the matter in controversy exceeds a value of $75,000[.]" Compl. at 2.[1] As Emerick points out, federal "district courts . . . have original

---

[1] Emerick never suggests that we have federal-*question* jurisdiction under 28 U.S.C. 1331. *See generally* Complaint. He does, however, claim that he's entitled to damages on his negligence, slander, and libel per se claims under "28 U.S. Code 4101(1)[.]" Compl. at 8 (negligence claim); *ibid.* (slander claim); *id.* at 9 (libel per se claim). But citing a random section of the U.S. Code doesn't magically transform a state-law claim into a federal question. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974))). In any event, the section of the U.S. Code Emerick cites, 28 U.S.C. § 4101, "is the definitions section for the Securing the Protection of our Enduring and Established Constitutional Heritage (SPEECH) Act and does not create a cause of action." *Gonzalez v. Szabo*, 2020 WL 1236647, at *2 (M.D. Fla. Feb. 21, 2020) (first citing 28 U.S.C. §§ 4101–4105; and then citing *Rosado v. Nichols*, 2017 WL 1476255, at *5 n.3 (M.D. Fla. Apr. 25, 2017)), *report and recommendation adopted*, 2020 WL 1234818 (M.D. Fla. Mar. 13, 2020); *see also Hall-Johnson v. City & Cnty. of S.F.*, 2018 WL 9903325, at *9 (N.D. Cal. Sep. 6, 2018) ("A claim for defamation cannot be brought under the SPEECH Act because it is well established that 28 U.S.C. § 4101 is simply a definitional section (for statutes relating to foreign judgments) and does not provide for a private right of action." (cleaned up)). When the federal "cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction," *Dime Coal Co. v. Combs*, 796 F.2d 394, 396 (11th Cir. 1986) (quoting *Hagans v. Lavine*, 415 U.S. 528, 542–43 (1974)), a court may "dismiss even a paid complaint for lack of subject matter jurisdiction based on frivolity without waiting for defendants to respond," *Carter v. O'Carroll*, 2012 WL 3612294, at *2 (M.D. Fla. Aug. 21, 2012) (Corrigan, J.). And Emerick's assertion that § 4101 somehow affords him a federal cause of action is "patently without merit." *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (cleaned up); *see also Bennett*

jurisdiction [in] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). One problem, though: Emerick never tells us the citizenship of *any* party.

We'll start with the named Defendants, Brian Schmitt and Brett Newman.[2] Emerick alleges that Schmitt "is a person, resident of the Monroe County, State of Florida, and a citizen of the United States, with an address of 11050 Overseas Hwy, Marathon, FL 33050." Compl. at 1 (emphasis omitted). Emerick likewise claims that Newman "is a person, resident of the Monroe County, State of Florida, and a citizen of the United States, with an address of 85996 Overseas Hwy, Islamorada, FL 33036." *Id.* at 2 (emphasis added).

That's not enough to invoke our diversity jurisdiction. That's because "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367; *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough."). And we cannot we infer that these Defendants are Florida *citizens* simply because they have Florida addresses. *See Wells Fargo Bank, N.A. v. Bonaby*, 2017 WL 364460, at *2 (S.D. Fla. Jan. 25, 2017) (Gayles, J.) (citizenship "requires both residence in a state and an intention to remain there indefinitely" (cleaned up)). Florida may well be the site of each Defendant's "true, fixed, and permanent home . . . to which he has the intention of returning

---

*v. Anzueto*, 2021 WL 11645442, at *2 (M.D. Fla. Jan. 20, 2021) (Irick, Mag. J.) ("Plaintiff has not established federal question jurisdiction by purporting to bring a § 4101 claim."). Emerick, in sum, has invoked *only* our diversity jurisdiction.

[2] Emerick also asserts claims against "Unknown Attorney 1," "Unknown Title Company," and "Unknown Broker's Attorney 2." Compl. at 2. But he doesn't tell us anything about these Defendants' states of citizenship, either. *See ibid.* (alleging only that these Defendants "shall be properly identified after the first set of discovery in Plaintiff's amended complaint"). That alone is fatal to his assertion of diversity jurisdiction. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("[D]iversity jurisdiction requires *complete* diversity; every plaintiff must be diverse from *every* defendant." (emphases added)); *House v. Se. Freight Lines, Inc.*, 2009 WL 10671259, at *2 (N.D. Ga. Apr. 23, 2009) ("[W]here . . . plaintiffs name a fictitious defendant in a diversity case, plaintiffs must do more than make generally conclusory allegations regarding the fictitious defendant's citizenship.").

whenever he is absent therefrom," *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002)—and, thus, his place of citizenship. Or these residences may simply be places of temporary stay. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("[O]ne may temporarily reside in one location, yet retain domicile in a previous residence."). But we cannot "presume that an allegation regarding a party's residence establishes that party's citizenship." *Physicians Imaging–Lake City LLC v. Nationwide Gen. Ins. Co.*, 2020 WL 6273742, at *1 (M.D. Fla. Oct. 26, 2020) (Howard, J.). Simply put, because Emerick has "alleged [the Defendants'] state of residency and not their state of citizenship, [he has] failed to properly plead their citizenship for purposes of diversity jurisdiction." *Kantrow v. Celebrity Cruises Inc.*, 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) (Lenard, J.).

Emerick's jurisdictional allegations about *himself* fare no better. Emerick alleges that he is "a juridical person, a sole proprietorship, recorded in the State of Indiana, County of Marshall, with the mailing address of PO Box 1164 Plymouth, Indiana 46563." Compl. at 1 (emphasis omitted). Again, Emerick tells us nothing about his own *citizenship*, *see CSS Estates of McDonough Woodward Mgmt. Partners v. Dukes*, 2017 WL 3474462, at *2 (N.D. Ga. Aug. 14, 2017) ("[A P.O.] Box . . . is not sufficient to allege diversity of the parties." (cleaned up))*,* which would be a necessary element of the citizenship of his sole proprietorship, *see Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303–04 (S.D. Fla. Apr. 11, 2016) (Marra, J.) ("For purposes of determining diversity jurisdiction, all unincorporated associations . . . are treated as partnerships and deemed to possess the citizenship of their partners or members." (cleaned up)). We also cannot infer jurisdiction under 28 U.S.C. § 1332(a)(2) or (a)(3), since Emerick never says that foreign parties are involved. *See* 28 U.S.C. § 1332(a)(2)–(3) (creating alienage jurisdiction in suits between "citizens of a State and citizens or subjects of a foreign state . . . [and in suits between] citizens of different States and in which citizens or subjects of a foreign state are additional parties"); *cf.* Compl. at 1–2 (alleging that Schmitt and Newman are "citizen[s] of the United States" and omitting any allegations about Emerick's country

4

of citizenship).

Because Emerick hasn't shown that the parties are completely diverse—and since he doesn't invoke our federal-question jurisdiction—we cannot exercise jurisdiction over this case. And, without jurisdiction, we are "powerless to continue" further. *Am. Tobacco*, 168 F.3d at 410. We therefore **DISMISS** Emerick's Complaint *without prejudice* for lack of subject-matter jurisdiction. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984))).

In general, a *pro se* plaintiff must be given "at least one opportunity to amend [his] claims . . . if it appears a more carefully drafted complaint might state a claim upon which relief can be granted[.]" *Silva v. Bieluch*, 251 F.3d 1045, 1048 (11th Cir. 2003) (cleaned up). We'll therefore allow Emerick to file an amended complaint, which must establish a proper basis for our subject-matter jurisdiction over the case. But Emerick won't be given any other chances to meet this baseline requirement. If Emerick's amended complaint fails to establish our subject-matter jurisdiction, we'll dismiss it *without leave to amend*.

* * *

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Complaint [ECF No. 1] is *sua sponte* **DISMISSED** *without prejudice* for lack of subject-matter jurisdiction.

2. The Plaintiff shall file his amended complaint by **August 15, 2024**.

3. The Clerk shall **CLOSE** this case for administrative purposes. All deadlines not addressed in this Order are **TERMINATED**, and any pending motions, including the Defendants' Motion to Dismiss [ECF No. 11] and the Plaintiff's Motion for Extension of Time [ECF No. 16], are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on July 15, 2024.

                                                                      **ROY K. ALTMAN**
                                                                      **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record